UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANYA YVETTE HOGAN,<br><br>                    Plaintiff,<br><br>-against-<br><br>DNATA GRAND SERVICES KESHIA MAHABIR; JACKSON LEWIS PC JOHN PORTA,<br><br>                    Defendants. | 22-CV-6626 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Valley Stream, Nassau County, New York, brings this *pro se* action under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12213, and the Rehabilitation Act, 29 U.S.C. §§ 701-796. She alleges that her employer, dnata USA ("DNATA"), an air services provider operating at John F. Kennedy ("JKF") airport, discriminated against her because of her disability. She names as defendants two individuals: (1) Keshia Mahabir, a human resources ("HR") officer employed at DNATA; and (2) John Porta, a lawyer who works at the law firm Jackson Lewis PC, the firm that represented DNATA during administrative proceedings held at the Equal Employment Opportunity Commission. Plaintiff maintains that she was fired from her job and seeks to be rehired. JKF airport is located in Queens County, New York.

      Because Plaintiff names Mahabir, who worked at DNATA and whom Plaintiff alleges participated in discriminatory conduct, the Court construes the complaint as also asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101-131.

For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

**A.   Defendants Who May Be Sued in Claims Brought Under the ADA and Rehabilitation Act**

Claims brought under Title I of the ADA must be brought against "an employer, employment agency, labor organization, or joint labor-management committee." *See* 42 U.S.C. § 12111-12117. Claims brought under the Rehabilitation Act may only be brought against an entity – such as an employer – that receives federal financial assistance. *See* 29 U.S.C. § 794. Thus, individuals are not subject to liability under the ADA or the Rehabilitation Act. *See Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) (affirming dismissal of Rehabilitation Act claims brought against individuals); *O'Hara v. Bd. of Coop. Educ. Servs., S. Westchester*, No. 18-CV-8502, 2020 WL 1244474, at *11 (S.D.N.Y. Mar. 16, 2020) (Title I of the ADA) (citing cases). Rather, claims under both federal statutes must be brought against the employer.

Here, according to Plaintiff's employer's website, DNATA is a United Arab Emirates company operating at airports throughout the United States as "dnata USA," including at JFK airport. *See dnata in the USA*, https://www.dnata.com/en/global-network/united-states-of-america. Should Plaintiff continue to pursue claims under the ADA or the Rehabilitation Act, she must name as a defendant her employer.[1]

**B.   Venue for Claims Brought Under the ADA and the Rehabilitation Act**

A civil action may be brought under Title I of the ADA and the Rehabilitation Act:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment

---

[1] The Court leaves to the transferee court whether to add Plaintiff's employer, under Rule 21 of the Federal Rules of Procedure, to this action.

2

>records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (venue provision for claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII")); *see* 42 U.S.C. § 12117 (incorporating by reference, Title VII's venue provision for claims brought under Title I of the ADA); 29 U.S.C. § 794a(a)(1) (same as to Rehabilitation Act).

Under the relevant venue provision, this court, and every other federal district court within the State of New York, are proper venues for this action, based on Plaintiff's allegations that: (1) the discriminatory conduct occurred at JFK airport, which is in Queens County; (2) Plaintiff's employment records are maintained by DNATA in Queens County and/or in the UAE; and (3) Plaintiff would have worked in Queens County but for the alleged discriminatory practice.

**C.     Venue for State Law Claims**

As noted above, the Court construes the complaint as asserting claims against Mahabir under the New York State and City Human Rights Laws. To determine venue for these claims, courts look to the general venue statute, 28 U.S.C. § 1391(b), which provides that a civil action may be brought in

>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

3

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The traditional factors that courts consider under New York's general personal jurisdiction statute when undertaking the analysis of whether a foreign corporation is "doing business" in the New York are whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing in the state, whether it does public relations work there, and whether it has individuals permanently located in the state to promote its interests. *Rockefeller Univ.*, 581 F. Supp. 2d 461, 466 (S.D.N.Y. 2008) (noting that a "majority of federal district courts and New York courts [have held] that a filing for authorization to do business in New York is sufficient to subject a foreign corporation to general personal jurisdiction in New York").

Here, although venue for Plaintiff's state law claims is likely not proper in this District under Section 1391(b)(1) – unless DNATA is subject to personal jurisdiction in New York State, and Mahabir resides in this District – venue is proper under Section 1391(b)(2), in the Eastern District of New York because the events giving rise to her claims occurred in Queens County.

D.   **Transfer to the Eastern District of New York Is Appropriate**

For the reasons discussed below, the Court concludes that this action should be transferred to the Eastern District of New York "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

4

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate here for four reasons. First, Plaintiff was employed at DNATA, a foreign company that maintains operations in Queens County, which is not a Southern District county.[2] Second, the Eastern District of New York appears to be a more convenient venue for the parties and witnesses because DNATA does not operate within a Southern District county. Third, this District does not appear to be a proper venue for Plaintiff's state law claims, but under Section 1391(b)(2), the Eastern District is a proper venue for those claims. Fourth, Plaintiff's choice of this forum is accorded less deference because she does not reside in this forum and the operative events did not occur in a Southern District county. Rather, the Eastern District of New York, where Queens County is located, appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. *See* § 1404(a);

---

[2] The Southern District of New York includes the following counties: Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester. 28 U.S.C. § 112(b).

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 14, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge