UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---

TANYA YVETTE HOGAN,

               Plaintiff,

      v.

KESHIA MAHABIR and JOHN PORTA,

               Defendants.

**MEMORANDUM & ORDER**
22-CV-07858 (HG) (CLP)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff has asserted claims under the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act against another employee of her former employer and an attorney who represented Plaintiff's former employer during an administrative proceeding that Plaintiff commenced with the Equal Employment Opportunity Commission (the "EEOC"). ECF No. 1. The U.S. District Court for the Southern District of New York (the "Southern District") granted Plaintiff leave to proceed *in forma pauperis* but transferred the case to this Court. ECF Nos. 3, 4.

    For the reasons set forth below, the Court *sua sponte* dismisses Plaintiff's claims against the two current Defendants with prejudice because the ADA and Rehabilitation Act do not provide for individual liability. The Court also denies Plaintiff leave to amend her complaint to assert these claims against her former employer because such an amendment would be futile. Any ADA claim against Plaintiff's former employer would be barred by the statute of limitations, and Plaintiff cannot allege that her former employer, a private company, was a recipient of federal funds, as required by the Rehabilitation Act.

## BACKGROUND

    Plaintiff filed her complaint using a pre-printed form that the Southern District makes available to litigants who are representing themselves *pro se*. ECF No. 1. On that form, Plaintiff

checked boxes indicating that she is asserting federal claims under the Rehabilitation Act and the ADA. *Id.* at 4. She left unchecked boxes that she could have used to indicate her intent to assert any claims under the New York State Human Rights Law or the New York City Human Rights Law, even though the form indicated that those statutes authorize plaintiffs to assert claims of "employment discrimination" on the basis of their alleged "disability." *Id.* Using other check boxes, Plaintiff alleges that her claims are based on her former employer's termination of her employment and failure to accommodate her alleged disability. *Id.* at 5. Plaintiff alleges that she suffers from a "learning disability," attention-deficit/hyperactivity disorder ("ADHD"), and "depressive disorder." *Id.* at 4. Plaintiff attached to her complaint a written assessment provided by Northwell Health in February 2022 corroborating those diagnoses. ECF No. 1-2 at 6.

Plaintiff's former employer is named either DNATA Ground Services or DNATA USA ("DNATA")—the materials she filed use both names in different places—and provides an unspecified service at JFK Airport. ECF No. 1 at 3, 9. However, rather than naming her former employer as a Defendant, Plaintiff indicated in the "Defendant Information" section of her form complaint that she is naming as Defendants one of her former colleagues, Keshia Mahabir, along with an attorney from Jackson Lewis PC, John Porta. *Id.* at 2. Plaintiff's complaint attaches a right-to-sue letter that she received from the EEOC after filing a charge of discrimination, which indicates that Defendant Porta and Jackson Lewis represented DNATA during Plaintiff's administrative proceedings before the EEOC. *Id.* at 11–12.

Plaintiff seeks multiple forms of relief. ECF No. 1 at 6. She demands that her employer re-hire her, accommodate her disabilities, and pay $20,000 in damages attributable to the "mental anguish" that Plaintiff suffered because of her termination and subsequent eviction from her residence. *Id.* Plaintiff seeks an additional $7,500 in damages attributable to a period of time in

which her employer was allegedly "withholding [her] from work" during a dispute related to her identification badge and a drug test. *Id.*

Plaintiff's complaint does not describe the alleged misconduct that Defendants committed, apart from the cursory description of the incident related to her identification badge and drug test. ECF No. 1 at 6. Plaintiff does not indicate how the individuals she named as Defendants were involved in that incident. *Id.* However, Plaintiff's complaint attaches the charge of discrimination that she filed with the EEOC and the New York State Division of Human Rights, which contains a longer factual narrative. *Id.* at 9–10. In that charge, Plaintiff alleges that she requested from her employer the following accommodations when taking unspecified "tests": "a reader," "extra time," and "an alternative testing place." *Id.* at 9. Plaintiff also alleges that she aggravated a pre-existing neck and shoulder injury but that her employer denied her "an accommodation of being transferred somewhere else." *Id.*

Specifically with respect to Defendant Mahabir, Plaintiff's EEOC charge alleges that Plaintiff missed work to attend doctors' appointments and because of "flare ups" of her "chronic asthma." ECF No. 1 at 9–10. Despite providing "documentation from [her] doctors" to justify these absences, Plaintiff alleges that Defendant Mahabir, a human resources employee at DNATA, "hassled" and "manipulated" her and advocated that Plaintiff "be removed from the job." *Id.* at 10. Plaintiff's charge of discrimination does not mention Defendant Porta or describe him as having played a role in the incidents giving rise to the charge. *Id.*

Plaintiff's charge of discrimination briefly describes other incidents that occurred during her employment that are not expressly connected to any of her alleged disabilities. For example, Plaintiff alleges that she was not provided certain winter apparel, which she alleges was part of DNATA's winter uniform. ECF No. 1 at 10. She also alleges that she "went to [the] warehouse

3

to warm up," but another employee yelled at her and told her to leave. *Id.*  Finally, Plaintiff alleges that another employee complained that Plaintiff was sending her harassing text messages, which Plaintiff denies, and the Human Resources department coerced Plaintiff into writing a statement admitting that the incident happened. *Id.*

Plaintiff initiated her lawsuit in the Southern District, which granted her request to proceed *in forma pauperis* without paying any court fees. *See* ECF No. 3.  However, the Southern District declined to issue a summons to Defendants, and they have therefore not appeared. *See* ECF No. 4.  Instead, the Southern District transferred the case to this District, pursuant to 28 U.S.C. § 1404, because although venue was proper in the Southern District for Plaintiff's ADA and Rehabilitation Act claims, venue in the Southern District would likely not be proper for any state law claims that Plaintiff might want to assert, and this District would be a more convenient forum because the employment discrimination that Plaintiff challenges occurred in this District, specifically at JFK Airport. *Id.*

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

---

[1]  Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Despite this leniency afforded to *pro se* plaintiffs, when a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts must be careful when reviewing complaints submitted by plaintiffs seeking *in forma pauperis* status "not to conflate easy cases with inarguable or fanciful ones, as only the latter warrant dismissal" as frivolous. *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022). The Court therefore may not dismiss a complaint filed by a plaintiff proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court may, however, dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," and the Court need not restrict itself to facts capable of judicial notice when reaching that conclusion. *Id.*

## DISCUSSION

### I. Plaintiff Cannot Bring ADA or Rehabilitation Act Claims Against Individuals

Plaintiff cannot assert her ADA or Rehabilitation Act claims against individuals, so her claims against Defendants must be dismissed. The Second Circuit recently affirmed the dismissal of Rehabilitation Act claims against individual defendants "on the basis that the

5

Rehabilitation Act does not provide for individual liability." *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022). The Second Circuit has also held that ADA retaliation claims, which arise under Title V of the ADA, "cannot provide for individual liability." *Spiegel v. Schulmann*, 604 F.3d 72, 79–80 (2d Cir. 2010).[2] Some of the allegations made in Plaintiff's charge filed with the EEOC appear to relate to retaliation, but others relate to alleged disability-based discrimination or a failure to make reasonable accommodations, which are claims that arise under Title I of the ADA. Although "the Second Circuit has not explicitly addressed whether there is individual liability under Title I of the ADA, based on the Second Circuit's guidance thus far, district courts under its supervision have routinely held that there is no individual liability at all under the ADA." *Lavender v. Verizon N.Y. Inc.*, No. 17-cv-6687, 2023 WL 1863245, at *12 (E.D.N.Y. Feb. 9, 2023) (citing additional cases).

## II. Amending Plaintiff's Complaint to Assert Claims Against Her Former Employer Would Be Futile

The Court has considered whether Plaintiff should be permitted to amend her complaint to assert ADA and Rehabilitation Act claims against her former employer, DNATA, rather than the individuals she has named as Defendants. "Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (affirming denial of leave to amend). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under

---

[2] The ADA "prohibit[s] discrimination against individuals with disabilities in three major areas of public life: employment and hiring (Title I); public services, programs, and activities (Title II); and public accommodations (Title III)." *Hamilton v. Westchester Cty.*, 3 F.4th 86, 91 (2d Cir. 2021). Title V of the ADA contains various "miscellaneous provisions," including a provision that prohibits retaliation against a person for exercising rights protected elsewhere within the ADA. *See* 42 U.S.C. §§ 12201–12213.

6

Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Tribune Co. Fraudulent Conveyance Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (affirming denial of leave to amend). As further explained below, asserting Rehabilitation Act claims against DNATA would be futile because Plaintiff cannot plead that DNATA received federal funds that bring the company within the scope of the Rehabilitation Act. Asserting ADA claims against DNATA would be futile because those claims would be barred by the statute of limitations.

        A.    *Plaintiff Cannot Plead the Federal Funds Element of a Rehabilitation Act Claim*

The Court declines to grant Plaintiff leave to amend to assert a Rehabilitation Act claim against DNATA. An amended complaint would need adequately to plead the elements of a Rehabilitation Act claim. "To establish a prima facie case under the Rehabilitation Act, a plaintiff must allege: [1] that he or she is a person with disabilities under the Rehabilitation Act, [2] who has been denied benefits of or excluded from participating in a federally funded program or special service, [3] solely because of his or her disability." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 216 (2d Cir. 2012) (affirming dismissal of Rehabilitation Act claims). Plaintiff's current complaint does not allege that DNATA received federal funds of any kind. *See* ECF No. 1.

Nothing about Plaintiff's complaint suggests that she can plead that DNATA, a private company, is a recipient of federal funds that would bring the company within the scope of the Rehabilitation Act. To reach this conclusion, the Court may take judicial notice of facts "contained on government websites, because that information can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Collins v. Giving Back Fund*, No. 18-cv-8812, 2019 WL 3564578, at *12 (S.D.N.Y. Aug. 6, 2019) (dismissing Rehabilitation Act claim with prejudice for failure to plead that defendant received the required

7

federal funding).  The Court has found no record of DNATA receiving federal funding after reviewing a website maintained by the federal government that discloses what entities have "received federal money in the form of contracts, grants, loans, or other financial assistance."[3]  A review of a government website disclosing entities that received Paycheck Protection Program Loans from the Small Business Administration during the COVID-19 pandemic similarly indicates no receipt of funds by DNATA.[4]

### B. Plaintiff's ADA Claims Would Be Barred by the Statute of Limitations

Plaintiff was required to exhaust her ADA claims by presenting them to the EEOC, or an analogous state or local agency, within 300 days of the acts she challenges as unlawful, and she was required to commence a lawsuit related to those claims within 90 days of receiving a right-to-sue letter from the EEOC.  *See* 42 U.S.C. § 2000e–5(e)(1) (defining exhaustion and statute of limitations requirements for discrimination claims based on Title VII of the Civil Rights Act); *see also* 42 U.S.C. § 12117(a) (incorporating the exhaustion requirements of Title VII claims into claims based on Title I of the ADA).  These requirements apply to claims of employment discrimination and failures to accommodate, which arise under Title I of the ADA, as well as to any retaliation claims, which arise under Title V of the ADA.  *See McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007) (explaining that "Title V retaliation claims in the employment context require the same procedures as those under Title I").

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if

---

[3]     *Recipient Profiles*, USA SPENDING (last visited May 24, 2023), https://www.usaspending.gov/recipient.

[4]     *PPP Borrower Search*, PANDEMIC OVERSIGHT (last visited May 24, 2023), https://www.pandemicoversight.gov/ppp-simple-search-landing.

the defense appears on the face of the complaint." *Conn. Gen. Life Ins. Co. v. BioHealth Labs., Inc.*, 988 F.3d 127, 131–32 (2d Cir. 2021). District courts are permitted to raise a statute of limitations issue *sua sponte* and to dismiss on that basis. *Khalil v. Pratt Inst.*, 818 F. App'x 115, 116–17 (2d Cir. 2020) (affirming *sua sponte* dismissal of *pro se* plaintiff's employment discrimination claims on statute of limitations grounds).

Plaintiff's own allegations unambiguously demonstrate that her ADA claims are untimely. Plaintiff filed a charge of discrimination with the New York State Division of Human Rights and the EEOC, which resulted in Plaintiff receiving a right-to-sue letter from the EEOC dated April 20, 2022. ECF No. 1 at 11–12. Plaintiff's complaint alleges that she received her right-to-sue letter the same day it was issued, and the letter unambiguously informed Plaintiff that she was required to commence a lawsuit within 90 days of receiving the letter. *Id.* at 6, 11. Although Plaintiff's complaint is dated July 19, 2022—the last day of the 90-day statute of limitations period—she did not file the complaint with the Southern District until August 3, 2022. *Id.* at 8. This renders Plaintiff's ADA claims untimely, and the Court declines to apply any equitable tolling of the statute of limitations in light of the fact that the EEOC's letter "contain[ed] a clear notice that she must bring suit within ninety days of receipt of the letter." *See Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, No. 14-cv-9245, 2016 WL 6102369, at *2 (S.D.N.Y. Oct. 19, 2016) (dismissing *pro se* plaintiff's ADA claims filed 95 days after plaintiff received right-to-sue letter); *see also Moore v. City of New York*, No. 15-cv-4578, 2016 WL 3963120, at *7 (S.D.N.Y. July 21, 2016) (dismissing *pro se* plaintiff's ADA claims that were filed 95 days after plaintiff received right-to-sue letter and declining to allow equitable tolling).[5]

---

[5]    Even if Plaintiff's allegation is wrong—and she did not receive the right-to-sue letter on the same day it was issued through some form of electronic delivery—her filing of the complaint

9

### C. The Court Declines to Exercise Supplemental Jurisdiction Over Any State or Local Law Claims

The Southern District, in its order transferring the case to this District, interpreted Plaintiff's complaint as asserting claims against Defendant Mahabir under the New York State and City Human Rights Laws, despite the fact that Plaintiff could have checked boxes related to such claims on her pre-printed form complaint and chose not to. See ECF No. 4 at 3. Even if the Court were to interpret Plaintiff's complaint in the same manner, the Court would decline to exercise supplemental jurisdiction over any state law claims and would dismiss them without prejudice to being filed in state court because the Court is dismissing Plaintiff's only federal claims. See 28 U.S.C. § 1367(c)(3) (authorizing district courts to decline to exercise supplemental jurisdiction after "the district court has dismissed all claims over which it has original jurisdiction"); Tillman v. New York City Dep't of Human Res. Admin., No. 22-872-cv, 2023 WL 2770218, at *1 (2d Cir. Apr. 4, 2023) (affirming dismissal of ADA claims and refusal to exercise supplemental jurisdiction over analogous state law claims); Norton v. Town of Brookhaven, No. 22-1015-cv, 2023 WL 3477123, at *4 (2d Cir. May 16, 2023) ("The Supreme Court has instructed that in the usual case in which all federal-law claims are eliminated before trial, the balance of th[e] factors will point toward declining to exercise jurisdiction over the remaining state-law claims.").[6]

---

was still untimely according to the presumption that a plaintiff receives an EEOC right-to-sue letter within three days of when it was issued unless the plaintiff demonstrates otherwise. See Legrá, 2016 WL 6102369, at *2 (describing presumed mailing time); Moore, 2016 WL 3963120, at *7 (describing same presumed mailing time and explaining that "the mere denial of receipt does not rebut that presumption").

[6]    Plaintiff has not alleged that the Court would have diversity jurisdiction over any state law claims, and her demand for $27,500 in damages demonstrates that the $75,000 amount-in-controversy threshold of 28 U.S.C. § 1332 would not be met. See ECF No. 1 at 6.

10

## **CONCLUSION**

For the reasons set forth above, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Plaintiff's claims against the individuals currently named as the only Defendants in Plaintiff's complaint and denies Plaintiff leave to amend her complaint to assert claims against the company that previously employed her because such an amendment would be futile.

The Clerk of Court is respectfully directed to enter a judgment dismissing with prejudice Plaintiff's federal claims under the ADA and Rehabilitation Act and dismissing without prejudice any state law claims.  The Clerk of Court shall also send Plaintiff a copy of this order and copies of the unpublished decisions referenced in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).  Plaintiff may wish to consult the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
       May 24, 2023